UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT VASQUEZ, § | | |
|    TDCJ-CID NO. 676270, § | | |
|    Petitioner, § | | |
| § | | |
| v. § | | C.A. NO. C-05-485 |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutional Division, § | | |
|    Respondent. § | | |

## MEMORANDUM OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

On April 13, 2006, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 14). Objections were timely filed (D.E. 16, 17). In his objections, petitioner offers as an exhibit a letter dated December 11, 2002 notifying petitioner's mother that petitioner filed a complaint regarding his disciplinary case at both steps of the Offender Grievance Procedure (D.E. 16, exh. 1). However, nowhere in his objections does petitioner address the Magistrate Judge's conclusion that petitioner's claim is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner's disciplinary hearing was decided on October 13, 1999 and petitioner had one year from that date to file his federal habeas petition. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) ("The district court calculated the commencement of the one-year period from the date of [petitioner's] disciplinary hearing . . . This was correct."). Having reviewed *de novo* the Magistrate Judge's Memorandum

and Recommendation and the pleadings on file, this Court hereby adopts as its own the findings and conclusions of the Magistrate Judge.

Accordingly, respondent's Motion for Summary Judgment (D.E. 12) is granted and petitioner's claims are dismissed with prejudice as time-barred. An appeal may not be taken from a final order in a habeas corpus proceeding unless a circuit or district judge issues a certificate of appealability. Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1)(a). For petitioner to be entitled to a certificate of appealability petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Reasonable jurists could not disagree about whether petitioner's habeas claim is time-barred. Therefore, if petitioner seeks a certificate of appealability, that request is denied.

ORDERED this __27__ day of July, 2006.

_/s/ Hayden Head_
HAYDEN HEAD
CHIEF JUDGE